UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KABOU S., | Civil Action No. 19-12741 (SRC) |
| Petitioner, | |
| v. | OPINION |
| THE ATTORNEY GENERAL OF THE UNITED STATES, | |
| Respondent. | |

**CHESLER,** District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Kabou S., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 10). Petitioner did not file a reply. For the following reasons, this Court will deny the petition without prejudice.

**I. BACKGROUND**

Petitioner is a native and citizen of Gambia who sought to enter the country at the southern border on January 27, 2017, by presenting himself for inspection at the Hidalgo, Texas, port of entry. (Document 2 attached to ECF No. 10 at 2). Although Petitioner at that time admitted that he did not have valid entry documents, he expressed a fear of returning to his home country due to his conversion from Islam to Christianity. (*Id.* at 2-3). Immigrations officials therefore classified Petitioner as an arriving alien not entitled to admission, but he was placed in asylum proceedings based on his professed fear of returning to his home country. (*Id.*). Petitioner was at that time taken into immigration custody pursuant to 8 U.S.C. § 1225(b) and has remained detained since

1

that date while litigating his asylum application. (*Id.*). Until recently, Petitioner was held in the Essex County Jail, and his removal/asylum proceedings were heard by an immigration judge in Elizabeth, New Jersey. (*Id.*; *see also* Document 3 attached to ECF No. 10 at 1-2).

After he was taken into custody, Petitioner first appeared before an immigration judge on March 28, 2017, at which point his hearing was adjourned as Petitioner's interpreter had failed to appear. (Document 7 attached to ECF No. 10 at 1). Petitioner thereafter appeared again on May 11, 2017. (*Id.* at 1-2). As Petitioner's hearing could not be completed, his proceedings were adjourned until June 20, 2017. (*Id.*). The June 20 hearing was delayed, however, as Petitioner's interpreter had not been ordered to appear, and Petitioner's next hearing on June 22, 2017, was adjourned at Petitioner's request so that he could seek representation by counsel. (*Id.* at 2). Petitioner next appeared on July 20, 2017, at which point he again requested and was granted additional time to seek counsel. (*Id.*). On August 4, 2017, however, Petitioner filed an application for relief from removal. (*Id.*). Petitioner thereafter appeared with counsel on August 10, 2017, at which time his matter was set for a merits hearing on October 23, 2017. (*Id.*). Petitioner thereafter requested and was granted a continuance, and his matter was postponed to December 22, 2017. (*Id.*). Because Petitioner's hearing could not be completed on that date, Petitioner's hearing was continued on February 1, 2018, at which point the immigration judge reserved decision. (*Id.*). The immigration judge thereafter ordered Petitioner removed and denied his applications for relief from removal on March 15, 2018. (*Id.*). Petitioner thereafter filed an appeal on April 5, 2018. (*Id.* at 3). On August 28, 2018, the BIA affirmed the ruling of the immigration judge and dismissed Petitioner's appeal. (*Id.*).

On or about September 19, 2018, Petitioner filed a petition for review of the BIA's decision with the Third Circuit. (Third Circuit Docket No. 18-3080 Docket Sheet). Petitioner also filed a

motion seeking a stay of removal, which was granted temporarily that same day pursuant to the standing order of the Third Circuit. (*Id.*). The Third Circuit thereafter formally granted the motion for a stay of removal on February 25, 2019. (*Id.*). Petitioner's order of removal remains stayed at this time, and his petition for review remains pending before the Third Circuit. Although Petitioner's petition for review was filed more than eighteen months ago, that matter remains pending because Petitioner has sought and been granted numerous extensions of time to file his brief by the Third Circuit covering the period between February 2019 and March 25, 2020. (*Id.*). Indeed, on March 10, 2020, the Third Circuit ordered Petitioner to file his brief on or before March 25, 2020 and directed that no extensions would be granted. (*Id.*). Petitioner, however, did not file his brief with the Third Circuit until April 13, 2020. (*Id.*). While his petition for review was pending, however, Petitioner filed a motion to reopen his immigration proceedings before the BIA in January 2020. That motion, and his petition for review, remain pending at this time.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his

3

claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

In his habeas petition, Petitioner argues that his continued immigration detention violates his right to Due Process. Although Petitioner has received an administratively final order of removal, because he has received a court ordered stay of removal, his detention has shifted back to pre-final order detention under § 1225(b) and his petition must be evaluated in light of that fact. *See Leslie*, 578 F.3d at 268-72. As Petitioner is classified as an arriving alien and detained pursuant to 8 U.S.C. § 1225(b), the Court notes that

> arriving aliens, like Petitioner, who are denied admission to the United States and taken into custody by DHS at a port of entry are, as a matter of law, deemed to have never entered the United States; instead they are "legally treated as if stopped at the border[.]" *Mancia-Salazar* [*v. Green*, No. 17-147, 2017 WL 2985392, at *3 (D.N.J. July 13, 2017)]. As a result, [they are] "entitled to something less than the full array of rights usually conferred by the Due Process Clause." *Id.*; *accord Zadvydas*, 533 U.S. at 693 ("[C]ertain constitutional protections available to persons inside the United States are unavailable to aliens outside of our geographic borders."); *Damus v. Tsoukaris*, No. 16-933, 2016 WL 4203816 at *4 (D.N.J. Aug. 8, 2016) ("[a]n alien who is legally considered to remain at the border has no right of entry into this country and . . . may be held for a greater length of time [than aliens subject to mandatory detention under 8 U.S.C. § 1226(c)] before his continued detention raises Due Process concerns").
>
> Nevertheless, § 1225(b) detainees still "possess some rights under the Due Process Clause which may be impugned should detention under the statute become unduly and unreasonably prolonged." *Otis V.*[, 2018 WL 3302997 at *6]."

*Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442 (D.N.J. 2019).

Although arriving aliens have lesser rights than those accorded to aliens who have entered the United States and are detained pursuant to the mandatory detention authority applicable to aliens with certain qualifying convictions under § 1226(c), the constitutionality of detention under § 1225(b) remains subject to challenge where that detention becomes so prolonged that "the burden to the alien's liberty outweighs the Government's interest in detention without bond," and the alien's continued to detention without bond becomes so unreasonable as to amount to an arbitrary deprivation of liberty. *Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018); *see also Tuser E.*, 370 F. Supp. 3d at 442. Determinations as to the reasonableness of continued immigration detention require requires a highly fact specific analysis and the point at which detention becomes unreasonable will vary from case to case and from statutory detention class to statutory class. *Id.* While the length of detention is not the sole factor in determining the validity of detention without bond or some other relief, the "constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds." *Id.* (quoting *Chavez-Alvarez v. Warden, York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015), *abrogated in part*, *Jennings*, 138 S. Ct. at 848-52). Even when addressing lengthy periods of detention, however, a reviewing court must be mindful that "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute," *Chavez-Alvarez*, 783 F.3d at 476. Given the lesser Due Process protections applicable to aliens who legally remain at the border, courts in this district have generally found that detention under § 1225(b) will only cross the threshold into arbitrariness after a considerable period of time has passed. *See, e.g., Yacouba T. v. Decker*, No. 18-13879, 2019 WL 1569823 (D.N.J. Apr. 10, 2019) (detention of just over 15 months insufficient to warrant a bond hearing); *Alghazali v. Tsoukaris*, No. 16-9055, 2017 WL 3191513 (D.N.J. July 27, 2017)

(same); *Otis V. v. Green*, No. 18-742, 2018 WL 3302997 (D.N.J. July 5, 2018) (detention of just over a year insufficient to warrant bond); *see also Yacouba T. v. Ahrendt*, No. 20-673, 2020 WL 1527919 (D.N.J. Mar. 31, 2020) (twenty-seven months detention warranted bond hearing in the absence of bad faith); *Franklin K.B. v. Warden, Hudson Cnty. Corr. Facility*, No. 18-9933, 2019 WL 2385701 (D.N.J. June 3, 2019) (detention of over sixteen months warranted a hearing under the petitioner's circumstances); *Tuser E.*, 370 F. Supp. 3d at 443 (detention of over twenty months unreasonable under the circumstances); *Mancia-Salazar v. Green*, No. 17-747, 2017 WL 2985392 (D.N.J. July 13, 2017) (eighteen months detention sufficient under circumstances to warrant a bond hearing).

In this matter, Petitioner has been detained for approximately three years. That three years, however, includes a significant amount of delay resulting directly from Petitioner's own conduct including several months of continuances before the immigration courts, as well as over a year of delay resulting directly from Petitioner's repeated requests for extensions of time before the Third Circuit. Indeed, the Court notes that despite the fact that Petitioner continued to request extensions from the Third Circuit asserting that he had insufficient time to complete his brief, he still found the time to compose a motion to reopen his proceedings before the BIA, which he apparently prepared and filed four months before he belatedly filed his brief before the Court of Appeals – which itself was filed several weeks after the time for filing set in the Third Circuit's final extension grant order had elapsed. The Court further notes that, aside from the continuances requested by Petitioner, Petitioner's removal proceedings were completed expeditiously – once Petitioner filed his applications for removal, the immigration judge swiftly decided his case after several hearings worth of testimony, and the BIA decided Petitioner's appeal within a few months of its filing. Thus, although Petitioner has been detained for a considerable period of time, the

length of that detention is largely the result of his own choices and his dilatory behavior before the Third Circuit.  This Court therefore finds that Petitioner has chosen purposely to delay his proceedings in the hope that he might game the system to secure a bond hearing to which he is not otherwise entitled, and that he should not be rewarded with such a hearing in light of his behavior. *Chavez-Alvarez*, 783 F.3d at 476.  Petitioner's habeas petition is therefore denied without prejudice.

### III. CONCLUSION

For the reasons stated above, this Court denies Petitioner's habeas petition (ECF No. 1) without prejudice.  An appropriate order follows.

      *s/ Stanley R. Chesler*
      Hon. Stanley R. Chesler
      United States District Judge

Dated: May 7, 2020